[Crim. No. 1748.   First Appellate District, Division One.—March 14, 1934.]

THE PEOPLE, Respondent, v. JOSEPH SPINOZA et al., Appellants.

Nathan C. Coghlan and Vincent W. Hallinan for Appellants.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appellants herein were accused by information of violations of the State Narcotic Act. A demurrer to the original information was interposed and sustained, and ten days allowed in which to file an amended pleading. The date of this order was February 23, 1933. The time allowed to amend expired March 6, 1933. No extension of time was sought, or ordered by the court. On March 7th an amended information was presented and filed, containing four counts, each one of which charged violations of the State Narcotic Act. The amended information was also demurred to and demurrer sustained as to counts three and four. Subsequently the court ordered the second count dismissed. The remaining first count charged defendants with the unlawful sale of narcotics. The jury found both defendants guilty as charged in the first count. This is an appeal from the order of the court denying appellants' motion for a new trial and from the judgment.

As grounds for reversal, appellants claim that the court erred in disallowing the demurrer to the first count of the information on the ground that the court had no jurisdiction of the offense therein charged. It is further urged that the court erred in denying defendants' motion for a new trial, for the reason that no sale of narcotics was proved at the trial. Error is also complained of in the giving of certain instructions.

Appellants' first assignment of error involves the claim that by reason of the failure of the prosecution to file an amended information within the time allowed, the court lost jurisdiction of the offense charged and the demurrer should accordingly have been sustained. In this connection it is claimed that the authority to amend was derived from the order of the court alone as the statutory right to amend was never invoked. Whether or not the amendment was filed within the time allowed by the court is of no consequence. Section 1008 of the Penal Code provides that an indictment or information may be amended by the district attorney without leave of court at any time before the defendant pleads. Defendants did not enter their pleas until March 17, 1933, which time was subsequent to the date when the amended information was presented and filed.

■ The second contention, that there is no evidence in the record to show a sale of narcotics, for which reason the court erred in denying defendants' motion for a new trial, is also without merit. It appeared in evidence, in substance, that two inspectors of the division of narcotic enforcement of this state were informed that defendants were engaged in selling morphine. They had arrested a man and his wife, who were narcotic addicts, for a violation of the Narcotic Act, and had agreed not to prosecute them if they would divulge the names of those from whom they purchased their supplies. Thereafter, negotiations were entered into between defendants and the woman to make a purchase of an ounce of morphine for the sum of seventy-five dollars. The informer was asked by defendant Silvestri if she had the money to pay for the same. She assured him that she had. Defendants then left in an automobile but shortly thereafter returned. The informer had previously been given the required sum of money with which to make the purchase. The informer approached the automobile in which defendants were seated and she was seen to obtain a package which contained morphine. The inspectors thereupon attempted to arrest defendants but they escaped in their machine. The money given to the informer was no longer in her possession after she made the purchase. This evidence was amply sufficient to warrant the jury in concluding that there had been a sale of narcotics.

■ Nor is there any merit in the claim that the court erred in instructing the jury. Appellants have referred us to isolated parts of certain instructions which it is claimed incorrectly state the law. We do not deem a recital of the portions of the instructions claimed to be erroneous to be necessary. They have to do with the law in relation to aiders and abettors and the amount of evidence necessary to establish an alibi. We have read the instructions carefully as a whole and we find nothing therein which constitutes reversible error.

The judgments and orders appealed from are affirmed.

Knight, J., and Cashin, J., concurred.